[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 13-10670; 13-10671; 13-10672; 13-10673
_____

D.C. Docket Nos. 2:12-cv-01781-WMA; 2:07-bk-00838-TBB11;
2:12-cv-02200-WMA

In re: SCOTT POGUE,

Debtor.
_____

JAMES B. HELMER,
HELMER MARTINS RICE AND POPHAM CO, LPA,

Plaintiffs - Appellants,

versus

SCOTT POGUE,
(Debtor),
JAMES G. HENDERSON,
(Liquidating Trustee), et al.

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(May 30, 2014)

Before MARCUS and EDMONDSON, Circuit Judges, and TREADWELL,[*] District Judge.

PER CURIAM:

In 1994, Scott Pogue filed a federal False Claims Act complaint as a qui tam relator against his employer, Diabetes Treatment Centers of America, alleging that it paid kickbacks to doctors for patient referrals.  Appellants, James B. Helmer, Jr., and his law firm, Helmer, Martins, Rice & Popham Co. (collectively, "Helmer"), represented Pogue in the qui tam action, as did four other attorneys and firms.  After a falling-out, Pogue fired Helmer in 2006.  Pogue filed for bankruptcy a year later.  In 2009, the bankruptcy trustee settled Pogue's suit for $28 million, of which the bankruptcy estate took $8,120,000 as the qui tam relator's share.  The qui tam defendant also paid statutory fees to the five attorneys and firms who had represented Pogue at some point during the litigation.  Of these payments, Helmer received $5,200,000 as "reasonable attorneys' fees" and $350,811.32 for costs.  False Claims Act, 31 U.S.C. § 3730.  Unsatisfied with the statutory fees alone, Helmer pursued a claim for a part of the relator's share as a contingency fee.  Pogue contested Helmer's claim, arguing that he had terminated Helmer for cause and that Helmer had no contractual right to a contingency fee.

---

[*] Honorable Marc T. Treadwell, United States District Judge for the Middle District of Georgia, sitting by designation.

2

The bankruptcy court disallowed Helmer's claim. The Bankruptcy Code provides that if a party in interest in a bankruptcy proceeding objects to a claim, the court will determine the amount, which it will then allow, "except to the extent that . . . (4) if such claim is for services of an . . . attorney of the debtor, such claim exceeds the reasonable value of such services." 11 U.S.C. § 502(b). The bankruptcy court determined that § 502(b)(4) precluded payment of additional fees because Helmer already had been compensated in an amount equal to (if not greater than) the reasonable value of the legal services provided. Much to Helmer's consternation, the other attorneys and firms that represented Pogue in the qui tam case ultimately received contingency fee payments from the bankruptcy estate.

Helmer appealed a number of orders to the district court. Principally, Helmer complained that the bankruptcy court had erred in disallowing Helmer's claim while paying contingency fees to the other lawyers. The district court affirmed the order disallowing Helmer's claim on the basis of § 502(b)(4). It dismissed all other appeals "as untimely, and/or for lack of appellate jurisdiction, and/or as moot, and/or for lack of standing, and/or as equitably precluded."

On appeal to the Eleventh Circuit, Helmer again challenges the bankruptcy court's March 21, 2012, order disallowing Helmer's claim for additional fees, as well as the May 1, 2012, order directing the trustee to pay allowed claims to the

other attorneys.   Helmer argues the Bankruptcy Code requires that compensation for all qui tam counsel be reasonable, but that the bankruptcy court did not weigh reasonable compensation for all claimants and did not offer a principled distinction for treating Helmer differently than the other attorneys.

Finding no error, we affirm the well-reasoned opinion of the district court of January 11, 2013.  We review determinations of law made by a bankruptcy court de novo and findings of fact for clear error.  In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).  However, we review a bankruptcy court ruling on the reasonableness of attorney's fees for abuse of discretion.  See In re Hillsborough Holdings Corp., 127 F.3d 1398, 1401 (11th Cir. 1997).  Helmer has not established that the bankruptcy court abused its discretion in deciding that additional payments would exceed the reasonable value of services supplied.  See 11 U.S.C. § 502(b)(4).  Helmer has sought to shift the focus to outcomes for the other attorneys.  But Helmer in no way has refuted the bankruptcy court's findings that, based on the time and rate figures Helmer submitted, the statutory fees already provided at least reasonable compensation.  In turn, because the bankruptcy court did not err in refusing the claim, Helmer lacks standing to challenge the payments made to the other attorneys.  To have prudential standing to appeal a bankruptcy court order, a party must be a "person aggrieved" -- someone with a financial stake in the order being appealed, either because it diminishes their property or impairs

4

or burdens their rights.  In re Westwood Cmty. Two Ass'n, Inc., 293 F.3d 1332, 1335 (11th Cir. 2002).  Without a claim, Helmer does not have a pecuniary interest in the bankruptcy estate.  Indeed, even if the bankruptcy court erred in compensating the other lawyers, Helmer would not stand to gain in any way.

AFFIRMED.